DLD-131                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3210
_____

KOJO MUATA and CARLOS LOPEZ,
Appellants

v.

MARCUS O. HICKS, Esq., Commissioner of the Department of Corrections;
JAMES SLAUGHTER, Administrator of East Jersey State Prison;
CITY OF RAHWAY NEW JERSEY, County of Middlesex

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:21-cv-13033)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2022
Before:  KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 7, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kojo Muata and Carlos Lopez, inmates at East Jersey State Prison proceeding pro se and in forma pauperis, appeal from the District Court's order dismissing their complaint pursuant to 28 U.S.C. § 1915(e). For the reasons that follow, we will summarily affirm.

I.

In June 2021, plaintiffs brought this civil rights action under 42 U.S.C. § 1983, alleging that defendants violated the Eighth Amendment and Pennsylvania tort law related to their handling of the COVID-19 pandemic. Specifically, plaintiffs alleged that defendant James Slaughter, the former administrator of East Jersey State Prison, failed to protect prisoners from COVID-19 and was deliberately indifferent to their serious medical needs when he implemented inadequate policies, including social distancing procedures that were not followed by lower ranking officials; that defendant Marcus Hicks, the commissioner of the Department of Corrections, failed to provide a viable way for prisoners to practice social distancing and ignored their serious medical needs; and that defendant City of Rahway, the city in which East Jersey State Prison is located, was negligent and deliberately indifferent to prisoners' needs. The District Court screened the action under 28 U.S.C. § 1915(e) and dismissed it for failing to state a claim upon which relief may be granted. Plaintiffs now appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over a District Court's sua sponte dismissal of a complaint under § 1915(e). Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley

v. Wetzel, 15 F.4th 275, 286 n. 7 (3d Cir. 2021) (cleaned up). "When assessing the complaint, we are mindful of our obligation to liberally construe a pro se litigant's pleadings, particularly where the pro se litigant is imprisoned." Id. (cleaned up). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

To succeed on an Eighth Amendment claim for inadequate medical care, "a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (cleaned up). To establish deliberate indifference, a plaintiff must show that a particular defendant knew of and disregarded an excessive risk to his health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009).

Plaintiffs failed to adequately allege that Slaughter or Hicks[1] acted with deliberate indifference in their implementation of prison policies. Even if plaintiffs could show that Slaughter and Hicks knew of the risk posed by COVID-19, despite its unprecedented and unpredictable nature, they have failed to allege that either defendant disregarded that risk

---

[1] It appears that most of plaintiffs' specific allegations involve policies implemented by Slaughter or the governor of New Jersey, who is not listed as a defendant. Plaintiffs do not make any specific factual allegations involving Hicks and, instead, only allege generally that he failed to provide adequate COVID-19 policies.

when creating the prison's policies. While plaintiffs allege that the prison's COVID-19 policies were insufficient and did not allow for adequate social distancing, they also acknowledge that prison officials took a variety of risk mitigation measures, including providing masks to staff and inmates, removing ill inmates from the general population, increasing cleaning measures in common spaces, and limiting inmates' contact with outsiders by imposing a lockdown. Plaintiffs also acknowledge that some social distancing practices were initiated in the prison, including limiting inmates' movements, confining inmates to their housing units, and housing dining workers in single cells. Considering the significant measures taken to mitigate the risk of COVID-19, plaintiffs failed to adequately allege that Slaughter or Hicks recklessly disregarded a substantial risk of harm. Giles, 571 F.3d at 330; see also Hope v. Warden York Cty. Prison, 972 F.3d 310, 330 (3d Cir. 2020) (concluding that, in the context of immigration detention, the Government's failure to contain COVID-19 and eliminate *all* risk of exposure did not constitute deliberate indifference as would violate due process).

For the same reasons, the District Court properly dismissed plaintiffs' failure-to-protect claims. A prison official cannot be found liable under the Eighth Amendment for failure to protect an inmate unless the official subjectively knew of and chose to disregard a substantial risk of serious harm to an inmate's health or safety, i.e., unless the official was deliberately indifferent to the risk. See Farmer, 511 U.S. at 837; Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). Plaintiffs' allegations failed to establish that Slaughter or Hicks were deliberately indifferent to the risks of COVID-19, and thus the District Court did not err in concluding that plaintiff failed to state a failure-to-protect claim.

4

Moreover, defendants in civil rights actions "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) (quotation marks and citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The District Court properly dismissed plaintiffs' claims that Slaughter and Hicks were liable for their subordinates' failure to follow prison policies, as plaintiffs do not adequately allege that Slaughter and Hicks directed their subordinates to disregard the policies or that they knew that the policies were being defied. The District Court also properly dismissed plaintiffs' claims against the City of Rahway on the basis that plaintiffs did not allege any personal involvement by the City in the operation of the prison or the implementation of policies therein.[2]

IV.

Accordingly, we will affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[2] Plaintiffs also alleged that defendants were negligent under Pennsylvania state law. Because the claims over which it had original jurisdiction were properly dismissed, the District Court did not err in declining to reach the state negligence claim. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).